MARSHALL B. MEAD *et al. vs.* J. ABORN GARDINER, Deputy Sheriff.

The retention of personal property by a vendor after sale is, as against his creditors, presumptive but not conclusive evidence of fraud.

Hence, when A. conveyed to a creditor restaurant furniture of much less value than the amount of his debt, and was allowed to continue the business temporarily in order to dispose of the furniture, and derived meanwhile no benefit from continuing the business and had no agreement allowing him to redeem the property:

*Held*, that the conveyance was good as against the other creditors of A.

REPLEVIN. Heard by the court, jury trial being waived.

This case was commenced in the Court of Common Pleas and was brought to this court by the defendant's appeal. The pleas were: 1. Property in one Richard S. Newcomb. 2. Avowry alleging that the goods in question were attached as the property of said Newcomb by virtue of a writ issued from the Court of Common Pleas against said Newcomb and in favor of Leonard Brothers.

*February* 19, 1881. MATTESON, J. This is an action of replevin to recover a lot of crockery and silver plated ware, pictures, furniture, and other personal property, used by one New-

comb, in his business as a restaurant keeper. On the 12th of April, 1878, Newcomb was indebted to the plaintiffs for the rent of the premises occupied by him as a restaurant, and which he held under a lease from them, in the sum of $1,500 and upwards. On that day the plaintiffs demanded of him a bill of sale of the property in question, and threatened to attach it if their demand was not complied with. Thereupon Newcomb executed and delivered to the plaintiffs a bill of sale of the property, and surrendered possession of it and of the leasehold premises to the plaintiffs, — they agreeing with him to credit whatever they should receive from the sale of the property upon their claim. Newcomb had been trying to find a purchaser for the property prior to giving the bill of sale. The plaintiffs immediately after taking possession of it turned it over to him to hold for them and to carry on the business temporarily, for the purpose of making a sale of it to some one who might wish to continue the business, thinking that more might thus be obtained for it than if it should be sold at auction and removed from the premises. On the 15th of the same month the property was attached by the defendant, a deputy sheriff, in a suit brought by Leonard Brothers, creditors of Newcomb, against said Newcomb, and on the 19th it was replevied by the plaintiffs. As Newcomb did not succeed in finding a purchaser for it, the plaintiffs, at some time prior to the 10th of May following, sold it at auction for $650, and received from Newcomb his note of that date for $900, the balance of their claim.

After the delivery of the bill of sale all purchases for the business and all expenses of it, including a daily rent to the plaintiffs, were paid by Newcomb in cash out of the proceeds of the business, until a few days before the sale at auction, when the residue of the proceeds, after payment of the other expenses, became insufficient to pay the rent in full.

The defendant contends that there was no such delivery of the property to the plaintiffs as to vest the title to it in them, as against the creditors of Newcomb. That to render a deed of personal property effectual as against creditors, it must be accompanied by actual delivery and an open, visible, and continued change of possession, and that if the vendor retain possession, such retention is conclusive evidence of fraud.

This is a matter which has been much discussed, and concerning which there is great conflict among the authorities. The cases are numerous and have been repeatedly collected. No good purpose would be served by inserting them here. The preponderance of authority and the tendency of the modern decisions seem to favor the rule that the retention of possession by the vendor affords a strong but not conclusive presumption of fraud. 2 Kent Comment. *515, *532 ; Note to *Twyne's case*, 1 Smith Lead. Cas. note *47–*82 ; 1 Parsons on Contracts, *529, *530, note (*m*) ; 1 Chitty on Contracts, 11th Am. ed. 571, note y$^1$, 573 ; Bump on Fraudulent Conveyances, 151, note 4. The parties are permitted to show, if they can, that the vendor's continued posession is consistent with a fair and honest purpose. This rule, recognized in *Anthony* v. *Wheatons & Whitford*, 7 R. I. 490, 498, seems better calculated to promote justice than the strict rule of the older cases, since it leaves the question of fraud to be determined not by a single fact, but upon all the facts involved in the transaction. The motive of the plaintiffs in putting Newcomb into possession of the property, and his motive in receiving it being to continue the business temporarily for the purpose of disposing of the property for a larger price than could otherwise be obtained, its value being confessedly much less than the plaintiffs' claim, cannot be said to have been fraudulent as to other creditors. Newcomb was to derive no benefit from the continuance of the business, except that his indebtedness to the plaintiffs might possibly be lessened by the increased price obtained. There was not even the remotest probability that any surplus over his debt to the plaintiffs would result from the sale ; and, indeed, if there had been, there was no agreement between him and the plaintiffs that they should pay it to him. For this reason, too, and also because nothing appears in the case to show that it was contemplated that Newcomb should redeem the property, we think that the bill of sale is to be regarded as an absolute conveyance, or assignment, of the property to the plaintiffs on account of their claim, rather than as security merely for its payment.

*Judgment for plaintiffs for ten cents damages and costs.*

*Thurston & Ripley*, for plaintiffs.

*Erwin T. Case*, for defendant.